**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RODERICK LOGAN,

    Petitioner,                              CASE NO. 2:06-13879
                                                     HONORABLE AVERN COHN

v.

THOMAS BELL,

    Respondent.

_____/

**MEMORANDUM AND ORDER
DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**I. Introduction**

This is a habeas case under 28 U.S.C. § 2254. Roderick Logan, ("petitioner"), is a state inmate serving a sentence of one hundred and sixty months to twenty years for the crime of first-degree home invasion, Mich. Comp. Laws § 750.110a(2); and six to fifteen years for unarmed robbery, Mich. Comp. Laws § 750.530. Petitioner has filed a *pro se* petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. Respondent, through the Attorney General's Office, filed a response, arguing that petitioner's claims lack merit or are procedurally defaulted. For the reasons which follow, the petition will be denied.

**II. Background**[1]

---

[1] As to the facts underlying petitioner's conviction, petitioner has provided a detailed statement of facts in his petition for writ of habeas corpus. Respondent has likewise provided a detailed factual summary of the case, which does not essentially conflict with the petitioner's statement of facts. Because the facts of this case have been repeated numerous times and a recitation is not necessary in order to resolve the claims presented in the petition, they need not be repeated here. *See Nevers v. Killinger,* 990 F. Supp. 844, 847 (E.D. Mich. 1997).

Petitioner pleaded guilty to first-degree home invasion and unarmed robbery in the Wayne County Circuit Court on February 1, 2002.  In exchange for his plea, the prosecutor agreed to dismiss the supplemental information charging petitioner with being a fourth felony habitual offender and also agreed that petitioner would be sentenced within the sentencing guidelines.

Prior to petitioner's sentencing on February 22, 2002, petitioner's counsel moved to withdraw petitioner's plea, which was denied.  The trial court denied petitioner's motion for reconsideration on March 15, 2002.

Petitioner, through appellate counsel, moved for re-sentencing and for an evidentiary hearing on a related ineffective assistance of counsel claim.  The trial court denied the motion on September 10, 2004.

Petitioner filed an application for leave to appeal to the Michigan Court of Appeals, presenting the two claims that he raises in the instant petition.  The Michigan Court of Appeals affirmed petitioner's conviction and sentence.  *People v. Logan*, No. 258256 (Mich.Ct.App. Feb. 11, 2005).  Petitioner filed an application for leave to appeal in the Michigan Supreme Court in which he raised the same issues that he had raised in his appeal before the Michigan Court of Appeals.  The Michigan Supreme Court denied petitioner leave to appeal.  *People v. Logan,* 474 Mich. 856 (2005).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. Petitioner Roderick Logan is entitled to be resentenced where the court relied upon inaccurate information in the sentence information report and

presentence report in violation of his federal right to due process of law.

II. Petitioner Roderick Logan is entitled to be resentenced where defense counsel failed to object to inaccurate information in the presentence report and the sentence information report that resulted in an unjustified upward departure in his sentence in violation of his constitutional right to effective assistance of counsel.

### III. Analysis

#### A. Standard of Review

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d); *Harpster v. State of Ohio*, 128 F. 3d 322, 326 (6th Cir. 1997).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

## B. The claims.

The court will discuss petitioner's two claims together, because they are interrelated. Petitioner first claims that he is entitled to be resentenced, because the trial court relied on inaccurate information contained in the sentence information report and in his pre-sentence report in imposing sentence. [2] In his second claim, petitioner claims that trial counsel was ineffective for failing to object to these inaccuracies.

Petitioner contends that the trial court relied on inaccurate information contained within in his pre-sentence report concerning the number of Petitioner's prior convictions when imposing sentence. The pre-sentence report indicated that petitioner had nine prior felony convictions, including two prior convictions out of Columbus, Ohio. Petitioner claims that he only has one prior conviction out of Ohio, which would reduce the number of prior felony convictions to eight prior felony convictions. Petitioner further alleges, in conclusory fashion, that he only has six prior felony convictions. Petitioner, however, does not indicate which other prior felony convictions were erroneously listed in his pre-sentence report. Petitioner further alleges that the pre-sentence report indicated that he had six prior misdemeanor convictions, when, in fact, he only has three misdemeanor convictions. Petitioner also alleges, without any

---

[2] Respondent contends that petitioner's first claim is procedurally defaulted because he failed to challenge the inaccurate information at or before sentencing, as required by M.C.R. 6.429(C). Petitioner, however, claims that trial counsel was ineffective for failing to object to inaccuracies in the pre-sentence report. Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of petitioner's defaulted claim, it would be easier to consider the merits of the claim. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004).

4

evidentiary support, that some of the offense variables for his sentencing guidelines range were erroneously scored.  Petitioner claims that all of this erroneous information caused his sentencing guidelines range for his minimum sentence for the first-degree home invasion charge to be scored at 117 to 160 months.  Petitioner further claims that the trial court judge's decision to sentence petitioner to the maximum sentence under this guidelines range was strongly influenced by the trial court judge's erroneous belief concerning the extent of his prior criminal history.

To the extent that petitioner is challenging the scoring of his sentencing guidelines, he has failed to state a claim upon which habeas relief can be granted.  Petitioner has no state created liberty interest in having the Michigan sentencing guidelines applied rigidly in determining his sentence.  *Thomas v. Foltz*, 654 F. Supp. 105, 106-107 (E.D. Mich. 1987).  Any claim by petitioner that his sentence violates the Michigan state sentencing guidelines is not cognizable in a habeas proceeding because it is a state law claim. *Id.*

To the extent that petitioner is raising an inaccurate sentencing information claim, he is also not entitled to habeas relief.  A criminal defendant possesses a constitutional right not to be sentenced on the basis of "misinformation of constitutional magnitude."  *Roberts v. United States*, 445 U.S. 552, 556 (1980).  In order to prevail on a claim that a trial court relied on inaccurate information at sentencing, a habeas petitioner must demonstrate that the sentencing court relied upon this information and that it was materially false. *Collins v. Buchkoe*, 493 F. 2d 343, 345-346 (6th Cir. 1974).  Where a petitioner fails to demonstrate in his petition that the sentencing court relied upon materially false information in imposing sentence, the claim is without merit.

*Thomas*, 654 F. Supp. at 108.

At petitioner's sentencing, the trial court indicated that he would agree to sentence petitioner within the guidelines, but indicated that petitioner was "a candidate for a sentencing over [the] guidelines," based on what he had read in the presentence report, including what had happened to the victim in this case, that this was petitioner's ninth prior felony conviction, and that petitioner had been released from prison on a prior felony conviction only days before this offense. (Sent. Tr., pp. 7-8). The victim made a lengthy victim's impact statement to the court, indicating that she was physically attacked in her apartment by petitioner, during which petitioner punched her several times in the face. The victim indicated that the attack left her traumatized and forced her to incur various financial losses. (*Id.* at pp. 12-16). The prosecutor noted that petitioner had been released on parole for a prior second-degree home invasion conviction just twenty three days prior to this offense. (*Id.* at p. 16). In sentencing petitioner, the trial court again mentioned that petitioner had nine prior felony convictions, but also indicated that he was sentencing petitioner based on the fact that petitioner had been on parole at the time of this offense and that the offense was particularly violent. (*Id.* at pp. 21-22).

Assuming that the trial court erroneously believed that petitioner had nine prior felony convictions, the trial court appears to have been influenced at sentencing by the fact that petitioner had only been released on parole for another home invasion conviction twenty three days prior to the current offense. The trial court also emphasized the brutality of the assault upon the victim. Thus, any possible belief by the trial court that petitioner had nine prior felony convictions, as opposed to eight, or

6

six, as petitioner suggests he has, would be immaterial for purposes of establishing a due process violation. Moreover, there is nothing to indicate that the trial court mentioned the number of petitioner's prior misdemeanor convictions in fashioning the sentence. Here, a finding that the trial court did not rely on inaccurate information about the number of petitioner's past convictions in fashioning petitioner's sentence "is at least minimally consistent" with the facts of petitioner's case. *Lechner v. Litscher*, 213 F. Supp. 2d 975, 985 (E.D. Wis. 2002). Therefore, petitioner is not entitled to habeas relief on his first claim.

As to his second claim, in order to prevail on his ineffective assistance of counsel claim, petitioner must show that the state court's conclusion regarding his claim was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984).[3] *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

Petitioner is not entitled to habeas relief on his ineffective assistance of counsel claim, because he is unable to show that he was prejudiced by trial counsel's failure to object to the erroneous number of prior convictions contained in the pre-sentence report. As noted above, the trial court indicated that he was sentencing petitioner at the top end of the guidelines not only because of the number of prior felony

---

[3] Although the Supreme Court has never expressly extended *Strickland* to noncapital sentencing cases, the Sixth Circuit has applied it in that context. *See United States v. Stevens*, 851 F. 2d 140, 145 (6th Cir. 1988).

convictions, but also because of the viciousness of the crime and the fact that petitioner had recently been released on parole for another home invasion conviction. In addition, in both his state court appellate brief and in his habeas application, petitioner makes only a general, conclusory claim that the sentencing guidelines were improperly scored. Petitioner, has not, however, identified any particular errors in the guidelines scoring, or provided any argument with respect to the manner in which the guidelines were improperly scored. As such, his ineffective assistance of trial counsel claims fails.

## IV.  Conclusion

For the reasons stated above, the petition for writ of habeas corpus is **DENIED** and the matter is **DISMISSED**.

**SO ORDERED.**

                                       s/Avern Cohn
                                       AVERN COHN
                                       UNITED STATES DISTRICT JUDGE

Dated:  June 13, 2007

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Roderick Logan, #191731, Carson City Correctional Facility, 10522 Boyer Road, Carson City, MI 48811 on this date, June 13, 2007, by electronic and/or ordinary mail.

                                       s/Julie Owens
                                       Case Manager, (313) 234-5160